UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK'
_____x

UNITED STATES OF AMERICA,

   -against-                                                    01 Cr. 216 (CM)

MORDECHAI SAMET,

        Defendant.

_____x

Upon motion of

☒ the defendant

☐ the Director of the Bureau of Prisons for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant to whether a deduction is warranted (and, if so, the amount of the reduction),

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____; or

☐ Time served:

        ☐        The defendant is to remain in Bureau of Prisons custody until the defendant's residence can be verified or a release plan can be developed. Additional custody shall not exceed _____ days unless extended by the Court, or

☐ An appropriate release plan is in place and the defendant shall be released immediately.

## SUPERVISED RELEASE

☐ The defendant's term of supervised release is unchanged.

☐ The defendant's term of supervised release is changed from \_\_\_\_\_ to _____.

☐ The defendant's conditions of supervised release are unchanged.

☐ The defendant's conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____
_____
_____

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records [medical, institutional, administrative] supporting the approval or denial of this motion.

☐ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

☑ **DENIED WITHOUT PREJUDICE** for failure to exhaust remedies (failure to fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; the lapse of 30 days from the receipt of such a request by the Warden, whichever is earlier). *Samet undoubtedly exhausted his administrative remedies, but it appears that the Warden denied Samet's petition long before the COVID-19 pandemic began, which means that there was no live administrative petition at any point during the pandemic and so no opportunity for the Bureau of Prisons to consider the impact of COVID on Samet's situation. This differentiates Samet's case from that of Mark Resnick, see* **United States v. Resnick**, *2020 WL 1651508 (CM), where the petition was under administrative review during the COVID pandemic and the BoP was under orders from the Attorney General to consider COVID vulnerability in assessing compassionate release petitions. Samet should file a new administrative petition with the Warden, specifically citing his increased risk of complications from COVID-19 due to his age, which is above the CDC guideline for "older" persons who are particularly vulnerable to the disease.*

April 9, 2020

_____
CHIEF UNITED STATES DISTRICT JUDGE